UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FREDERICK HAWKINS                    CIVIL ACTION NO. 24-868

VERSUS                               JUDGE EDWARDS

INTERNATIONAL PAPER CO ET AL         MAG. JUDGE HORNSBY

## MEMORANDUM RULING & ORDER

Before the Court is a Motion to Dismiss filed by defendant International Paper Company ("IP" or "Defendant").[1] IP is moving to dismiss based on improper venue, insufficient service of process, and failure to state a claim upon which relief can be granted. The Motion is unopposed. For the reasons stated herein, the Motion is **GRANTED**.

### I.    BACKGROUND

On May 30, 2024, Frederick Hawkins ("Mr. Hawkins" or "Plaintiff") filed suit against IP and an entity named "Shreveport Preprint and Coating Plant" in the 1st Judicial District Court, Caddo Parish, Louisiana.[2] In his petition, Mr. Hawkins alleges that IP is liable for injuries he sustained on June 3, 2023, while attempting to unload sulfuric acid at an IP industrial facility.[3] Mr. Hawkins alleges that IP was negligent in failing to ensure that the delivery valve and apparatus he used was free from pressure and ready to accept bulk chemical liquids.[4] IP asserts the facility where these events took place was the Mansfield Mill, located in DeSoto Parish.[5]

---

[1] R. Doc. 10.
[2] R. Doc. 1-2.
[3] *Id.*
[4] R. Doc. 1-2 at 3.
[5] R. Doc. 10-2 at 1.

On June 27, 2024, IP removed the case to this Court based on diversity jurisdiction.[6] Mr. Hawkins filed a motion to remand on July 19, 2024, arguing removal was improper because "Shreveport Preprint and Coating Plant," which he claimed was involved in the harmful conduct, did not join in or consent to removal.[7] The Report and Recommendation from the magistrate judge on the motion to remand recommended denying the motion.[8] That recommendation was adopted by the Court.[9] The Court determined that "Shreveport Preprint and Coating Plant" is not a separate legal entity capable of being sued, making it an improperly joined defendant.[10] Because improperly joined defendants do not need to consent to removal, IP properly removed the case without its consent.[11]

On the same day Mr. Hawkins filed his motion to remand, IP filed the instant Motion to Dismiss.[12] IP asserts that the suit was filed in an improper venue and that service was not made on IP within the prescriptive period.[13] As a result, IP asserts prescription was never interrupted, and Mr. Hawkins' claims are now time-barred.[14] Accordingly, IP seeks to dismiss the action. Mr. Hawkins has not filed an opposition, and the Motion is considered unopposed.[15]

## II.    LEGAL STANDARD

---

[6] R. Doc. 1 at 3.
[7] R. Doc. 12.
[8] R. Doc. 15.
[9] R. Doc. 16.
[10] R. Doc. 15 at 3.
[11] *Id.*
[12] R. Doc. 10.
[13] R. Doc. 10 at 1–2.
[14] *Id.*
[15] R. Doc. 11.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.[16] The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.[17] The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."[18] When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.[19] Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.[20]

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto.[21] "Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[22] Indeed, any documents attached to the briefing on a motion to dismiss may be considered by the Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity.[23]

---

[16] *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).

[17] *Id.*

[18] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[19] *Id.* at 679.

[20] *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

[21] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

[22] *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.,* 322 F.3d 371, 374 (5th Cir. 2003).

[23] *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008).

The defense of prescription may be raised in a motion to dismiss brought pursuant to Rule 12(b)(6).[24] An action is subject to dismissal under Rule 12(b)(6) when "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[25]

## III.    LAW AND ANALYSIS

At the time of this incident, under Louisiana law, a delictual action such as this one was subject to a prescriptive period of one year.[26] Thus, the prescriptive period for Mr. Hawkins' claim expired June 3, 2024.

IP argues that Plaintiff's claims have prescribed because the suit was filed in an improper venue and service was not timely made within the prescriptive period. As a result, IP contends that prescription was never interrupted, and the claim is now time-barred. La. Civ. Code art. 3462 states:

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

Under Louisiana law, prescription is interrupted when an action is filed in a court of competent jurisdiction and proper venue.[27] If an action is filed in an improper venue, prescription is not interrupted unless service is made within the prescriptive period.[28]

---

[24] *See Tigert v. Am. Airlines Inc.*, 390 F. App'x 357 (5th Cir. 2010) (unpublished) (affirming dismissal of a time-barred claim under 12(b)(6)).

[25] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

[26] La. Civ. Code art. 3492.

[27] La. Civ. Code art. 3462.

[28] *Id.*

To determine whether prescription was interrupted when Mr. Hawkins filed his petition on May 30, 2024, the Court must first decide whether venue was proper. If venue was improper, the Court must then determine whether service was timely made within the prescriptive period.

### a. Venue

IP asserts that because Mr. Hawkins filed suit in Caddo Parish, venue was improper.[29] IP contends that DeSoto Parish was the parish of proper venue as it is where both the accident occurred and where IP's principal Louisiana business establishment is located.[30]

Under Louisiana's general venue provision, La. Code Civ. Proc. art. 42, a suit against a foreign corporation licensed to do business in Louisiana "shall be brought in the parish where its principal business establishment is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where its primary place of business in the state is located."[31]

Additionally, La. Code of Civ. Proc. art 74 provides that "[a]n action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained."[32]

IP is a foreign corporation licensed to do business in Louisiana, with its designated principal business establishment at 1202 Highway 509, Mansfield, LA

---

[29] R. Doc. 10-1 at 4–5.
[30] R. Doc. 10-1 at 4–5.
[31] La. Code of Civ. Proc. art. 42.
[32] La. Code of Civ. Proc. art 74.

71052, in DeSoto Parish.[33] The accident occurred at the Mansfield Mill, located in DeSoto Parish.[34] Thus, venue was proper in DeSoto Parish, but Plaintiff filed suit in Caddo Parish, an improper venue. Because the suit was not commenced in a proper venue, prescription was not interrupted under La. Civ. Code art. 3462.

Although venue is now proper due to Defendant's removal of the case to this Court, the relevant inquiry under article 3462 is "whether venue was proper at the time the suit was commenced, not whether venue is currently proper."[35]

### b. Service of Process

The next issue is whether service of process was made within the prescriptive period. Because the harm occurred on June 3, 2023, Mr. Hawkins had until June 4, 2024, to interrupt prescription through service.

Under La. Code Civ. Proc. art. 1261, service on a corporate defendant is made by personal service on its registered agent.[36] If the corporation has no registered agent or service on the agent cannot be accomplished with due diligence, alternative methods of service are permitted, such as personal service on an officer, director, or an employee of suitable age and discretion at a place where the corporation regularly conducts business.[37]

---

[33] R. Doc. 10-2 at 1, 3–4.
[34] R. Doc. 10-2 at 1.
[35] *Moore v. KMart Corp.*, 884 F. Supp. 217, 219 (E.D. La. 1995); *see also Mullen v. Sears, Roebuck, & Co.*, 887 F.2d 615, 617–618 (5th Cir. 1989) (stating that removal does not deny any defense available in state court, including prescription based on filing suit in a court of improper venue).
[36] La. Code Civ. Proc. art. 1261(A).
[37] La. Code Civ. Proc. art. 1261(B).

IP's registered agent for service of process is CT Corporation System located at 3867 Plaza Tower Dr., Baton Rouge, LA, 70816.[38] IP did not serve CT Corporation System until June 11, 2024, which was outside the one-year prescriptive period.[39]

Mr. Hawkins purportedly served an entity named "Shreveport Preprint and Coating Plant," on June 3, 2024; however, as previously determined by the Court, this entity has no legal capacity to be sued.[40] Therefore, this service was legally ineffective and did not interrupt prescription.

Because Hawkins filed in an improper venue and failed to serve IP within the prescriptive period, his claim is prescribed.

## IV.  CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that IP's Motion to Dismiss is **GRANTED**. Plaintiff's claims against IP are hereby **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** this 26th day of March, 2025.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[38] R. Doc. 10-2 at 4.

[39] R. Doc. 10-1 at 7.

[40] R. Doc. 15 at 3 ("[Shreveport Preprint and Coating Plant ("Preprint")] is not a separate legal entity that is capable of being sued, even if the accident did occur at the Preprint facility. Plaintiff has not pointed to any contrary evidence from the Secretary of State or otherwise that would indicate Preprint is a corporation, LLC, partnership, or other form of entity that is capable of being sued. International Paper has shouldered its burden of showing that Preprint is an improperly joined fictitious defendant, so Preprint's consent was not required for removal").